UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEL LAMAR HARPER,

        Petitioner,

                                 Civil Case No. 4:14-CV-14069
v.                             Honorable Linda V. Parker

STEVEN RIVARD,

        Respondent.
_____/

**OPINION & ORDER DENYING PETITIONER'S MOTION FOR A STAY,
DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
& DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

Michigan prisoner Martell Lamar Harper ("Petitioner") has filed a pro se

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his

convictions in state court.  Following a jury trial in the Circuit Court for Wayne

County, Michigan, Petitioner was convicted of second-degree murder, discharging

a weapon from a motor vehicle, and possession of a firearm during the commission

of a felony.  In 2012, the trial court sentenced Petitioner to 25 to 40 years

imprisonment, a concurrent term of two to four years imprisonment, and a

consecutive term of two years imprisonment.  In his petition, he raises claims concerning the sufficiency of the evidence for a second-degree murder charge, the alleged misconduct of the prosecutor, and the use of his pre-arrest silence. Respondent has filed an answer to the petition contending that it should be denied.

The matter is currently before the Court on Petitioner's motion to stay the proceedings because he is in the midst of pursuing collateral review in the state courts on additional claims concerning the jury instructions, the sufficiency of the evidence for his second-degree murder conviction, the validity of his sentences, and the effectiveness of trial and appellate counsel.  Petitioner is now represented by legal counsel.  For the reasons stated, the Court denies the motion to stay the proceedings and dismisses without prejudice the petition for a writ of habeas corpus.  The Court also denies Petitioner a certificate of appealability and leave to proceed in forma pauperis on appeal.

## II.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must raise each issue he seeks to present in a

2

federal habeas proceeding to the state courts for review.  The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims also must be raised in the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

In this case, Petitioner states that he has not exhausted all of his potential habeas claims in the state courts and has recently filed a motion for relief from judgment with the state trial court concerning additional, unexhausted claims. Petitioner must complete the state court process before seeking habeas relief in federal court.  *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006).  Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application

3

of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule on all of Petitioner's claims before he can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

While Petitioner's pending state court motion for relief from judgment does not concern his current, exhausted habeas claims, that proceeding may result in the reversal of his conviction on another ground, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition, rather than a stay of the proceedings, is ordinarily warranted under such circumstances.

Moreover, a stay is unnecessary in this case. A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances," however, such as when the one-year statute of limitations poses a

4

concern and the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277-78.  In *Rhines*, the Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies.  *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim").  Thus, stay and abeyance generally is reserved for those cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition.  *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

Petitioner fails to show the need for a stay.  His current habeas claims are exhausted and the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a concern.  The Michigan Supreme Court denied leave to appeal on direct appeal on November 25, 2013.  *People v. Harper*, 839 N.W.2d 219 (Mich. 2013).  Petitioner's convictions became final 90 days later, on or about February 23, 2014.  *See Jimenez v. Quarterman*, 555 U.S.

5

113, 120 (2009) (conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1). Petitioner then had one year to file his federal habeas petition or seek additional state court review. 28 U.S.C. § 2244(d)(2). Petitioner dated his habeas petition on October 16, 2014. At that point, less than eight months of the one-year period had run and just over four months of the one-year period remained. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period also is tolled during the time in which Petitioner's motion for relief from judgment and related appeals are properly filed and pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002). Given that more than four months of the one-year period remains and that legal counsel already filed Petitioner's motion for relief from judgment in state court, Petitioner has sufficient time to fully exhaust his state court remedies and return to federal court on an amended petition should he wish to do so.

Moreover, while there is no evidence of intentional delay and the additional, unexhausted claims do not appear to be plainly meritless, Petitioner neither alleges nor establishes good cause for failing to properly exhaust those additional issues in the state courts before seeking federal habeas relief. The fact that appellate counsel

did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court. The lack of a legal education, ignorance of the law, and/or the lack of legal assistance do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Given the foregoing circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

## III.   Conclusion

For the reasons stated, the Court concludes that Petitioner has a matter pending in the state courts concerning the convictions and sentences at issue in this case and that a stay is unwarranted. Accordingly, the Court **DENIES** Petitioner's motion for a stay of the proceedings and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue only if it is shown that jurists of reason

would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. Fed. R. App. P. 24(a). This case is closed.

     **SO ORDERED**.

                        s/ Linda V. Parker
                        LINDA V. PARKER
                        U.S. DISTRICT JUDGE

Dated: March 15, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 15, 2016, by electronic and/or U.S. First Class mail.

                        s/ Richard Loury
                        Case Manager